CHRISTINE WALETZKO,

        Plaintiff,

    v.                                          CAUSE NO. 3:18-CV-823 DRL

ANDREW M. SAUL,
Commissioner of the Social Security
Administration,

        Defendant.

## ORDER AND OPINION

Christine Waletzko appeals from the Social Security Commissioner's final judgment denying her disability insurance. Ms. Waletzko requests remand of her claim for further consideration. Having reviewed the underlying record and the parties' arguments, the court remands the Commissioner's decision for further consideration consistent with this opinion.

## BACKGROUND

Ms. Waletzko suffers from a variety of physical and mental health impairments. She was involved in car accidents in 2012 and 2013 due to panic attacks, and she dropped out of college due to stress. ECF 11 at 39-40. Ms. Waletzko previously worked as a card processing clerk, but she quit due to her arthritis and anxiety. *Id.* at 44–45. She worked briefly at a laundry mat, but she was fired for difficulties with stress on the job. *Id.* at 46. Ms. Waletzko suffered from trauma during her time in military service and was diagnosed with post-traumatic stress disorder (PTSD), depression, and anxiety, for which she receives treatment from Veteran Affairs. *Id.* at 36. As for her physical impairments, Ms. Waletzko was diagnosed with psoriatic arthritis, degenerative disc disease, osteoarthritis of her feet and hands, and degenerative joint disease of the right shoulder. *Id.* at 14, 36.

Ms. Waletzko filed a Title II application for benefits on August 13, 2015, which was denied initially on December 12, 2014, and again upon reconsideration on July 30, 2015. ECF 11 at 12. Her claims were heard by an Administrative Law Judge (ALJ) on May 23, 2017. *Id.* In an August 24, 2017 decision, the ALJ denied Ms. Waletzko's petition on the basis that she could not show that she was disabled as defined by the Social Security Act. *Id.* at 25.

The ALJ came to this conclusion relying in part on the opinions of Ann Lovko, Ph.D., the state agency psychological consultant, and Dr. Joelle Larsen, Ph.D., the state agency psychological consultant on reconsideration. *Id.* at 22. The ALJ found that "considering the totality of the medical, testimonial, and opinion evidence," Ms. Waletzko had the ability to perform work at the light exertional level during the relevant period. *Id.* at 23.

The ALJ consequently found that Ms. Waletzko had a residual functional capacity (RFC) to perform light exertional work as defined in 20 C.F.R. 404.1567(b) as she was able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, and sit, stand and/or walk for six hours in an eight hour workday subject to the following limitations: she was unable to climb ladders, ropes, or scaffolds or operate foot controls with the bilateral lower extremities, could occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl, could frequently handle, finger or feel and needed to avoid all exposure to hazards such as dangerous machinery or unprotected heights. *Id.* at 17-18. In addition, the ALJ found that Ms. Waletzko was able to perform simple, routine, and repetitive tasks that were free of production rate pace, quotas, tandem work or teamwork, as well as complete end of day goals on jobs that involved occasional simple workplace changes, occasional contact with co-workers and supervisors and no contact with the public. *Id.*

While the ALJ found that Ms. Waletzko's RFC prevented her from performing her past relevant work as a card processing clerk or a material clerk, the ALJ found that she could perform a

significant number of jobs in the national economy. *Id.* at 24. This decision became final when the Appeals Council denied Ms. Waletzko's request for review. *Id.* at 1.

## STANDARD

The court has authority to review the final decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Appeals Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusions," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

## DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: whether (1) the claimant is currently employed; (2) the claimant's impairment or combination of impairments are severe; (3) her impairments meet or exceed any of the specific listed impairments that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed as conclusively disabling, given the claimant's residual function capacity, the claimant is unable to perform her former occupation; and (5) the claimant is unable to perform any other work in the national economy given her age, education, and work experience. 20 C.F.R. § 404.1520; *Young v. Secretary of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). The

claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d at 389.

Ms. Waletzko challenges the ALJ's conclusions that Ms. Waletzko is not totally disabled. She makes eight arguments regarding the ALJ's alleged errors. Ultimately, Ms. Waletzko asserts that: (1) the ALJ failed to consider her obesity; (2) the RFC is not supported by substantial evidence and fails to accurately encompass Plaintiff's impairments; (3) the ALJ erred in assessing Ms. Waletzko's credibility; (4) the ALJ erred in weighing medical opinion evidence; and (5) the ALJ's step-five decision was not supported by substantial evidence.

Ms. Waletzko asserts that the ALJ erred in failing to acknowledge her obesity or provide any analysis regarding her obesity in combination with other impairments in the RFC discussion. Ms. Waletzko testified to being 4'11" and 160 pounds at the hearing, making her BMI 32.3 at the hearing. ECF 11 at 38. In July 2015, her BMI was noted to be 31.53. *Id.* at 546. In October 2015, her BMI was 31.53. *Id.* at 1263. On multiple occasions, Ms. Waletzko was counseled on proper weight management for good health. *Id.* at 514, 551, 1247. In July 2015, outpatient hospital records show that weight management and the health risks of obesity were discussed with Ms. Waletzko. *Id.* at 605. However, she declined referral to the weight management program at that time. *Id.* The notes further state that Ms. Waletzko had a "nutrition/weight control screening/education at this encounter." *Id.* For most of the relevant period, Ms. Waletzko's BMI fluctuated between 28 and 32. *Id.* at 517, 523, 546.

An ALJ must "consider the exacerbating effects of a claimant's obesity on her underlying conditions (even if the obesity is not itself a severe impairment) when arriving at a claimant's RFC." *Hernandez v. Astrue*, 277 F.App'x 617, 623–24 (7th Cir. 2008). Even when a claimant does not explicitly list obesity as an impairment in her application for disability, the ALJ still must evaluate how obesity impacts the claimant's overall condition if the ALJ was put on notice that obesity could be a relevant

factor. *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000); *see also* 20 C.F.R. § 404.1512(a) (stating that an ALJ need only consider impairments about which he receives evidence).

Here, it appears the ALJ had not considered the effect of Ms. Waletzko's obesity on her overall condition (especially with regards to her degenerative disc disease, osteoarthritis, psoriatic arthritis, degenerative joint disease, depression, and perhaps other conditions) when the record underscored that issue as a relative impairment. Although the Commissioner is correct in noting that Ms. Waletzko did not claim obesity as an impairment on her application, there were numerous references to her obesity in the record. *See e.g.*, EFC 11 at 514, 551 (showing that doctors counseled her on weight management multiple times), *Id.* at 615 (showing that a doctor discussed weight management programs and the health risks that accompany obesity during an exam). This circuit has appropriately required full consideration of an unlisted impairment that could contribute to the cumulative effect of her other impairments. *See Clifford*, 227 F.3d at 873.

Moreover, Ms. Waletzko suffers from severe impairments that may be impacted by obesity. She suffers from arthritis in her feet and knees. This circuit has noted that it is error to fail to consider the impact of obesity on arthritis-related pain. *Martinez v. Astrue*, 630 F.3d 693, 698–99 (7th Cir. 2011). That is because even if a claimant's "arthritis was not particularly serious in itself, it would interact with her obesity to make standing for two hours at a time more painful than it would be for a person who was either as obese as she or as arthritic as she but not both." *Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004); *see also* SSR 02-1p, 2002 SSR LEXIS 1, 2002 WL 34686281, at *6 (Sept. 12, 2002) (stating "someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone."). Here, the ALJ found that Ms. Waletzko's arthritis was a severe impairment; and, therefore, her obesity may affect how much pain her arthritis caused her.

Ms. Waletzko also suffered from the severe impairment of depression, which may also be affected by obesity. "Obesity may also cause or contribute to mental impairments such as depression." SSR 02-1p, 2002 SSR LEXIS 1, 2002 WL 34686281, at *3 (Sept. 12, 2002) (stating "[t]he effects of obesity may be subtle, such as the loss mental clarity and slowed reactions that may result from obesity-related sleep apnea."). The medical record includes multiple references that could have reasonably alerted the ALJ that obesity was a relevant impairment. As such, the ALJ was required to consider the effects of Ms. Waletzko's obesity on her overall condition. *See Clifford*, 227 F.3d at 873. Since he did not, the case requires remand.

The court recognizes that an ALJ's oversight in explicitly considering the effects of a claimant's obesity may constitute harmless error in certain cases. However, the court is not convinced that this is such a case. When a claimant does not specify how obesity impairs her ability to work, an ALJ's failure to consider the claimant's obesity will be considered harmless error if the ALJ implicitly considered the effects of the claimant's obesity. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). Where it is unclear whether an ALJ implicitly considered obesity, remand is appropriate.

Here, the failure to consider obesity is not harmless error because there is no evidence to suggest the ALJ implicitly considered Ms. Waletzko's obesity. *See e.g.*, *Hernandez v. Astrue*, 277 F3d. Appx. 617, 623 (7th Cir. 2008) (an ALJ implicitly considers the claimant's obesity when "the ALJ demonstrated that he reviewed the medical reports of the doctors familiar with the claimant's obesity"). Although the record contains multiple references to Ms. Waletzko's weight and her need for weight management in order to reduce symptoms, it is unclear if the ALJ relied on doctors familiar with her obesity, because she was only described as "obese" once in the record, although her BMI was listed in the obese range multiple times. ECF 11 at 605 (where Ms. Waletzko was advised of the risk of obesity). The ALJ does not discuss these records in the decision. The court cannot conclude

that the ALJ implicitly considered her obesity in the decision. Moreover, considering obesity's interrelated effects on arthritis, degenerative disc and joint disease, hypertension, and depression, the failure to discuss obesity is not harmless error. The court does not presuppose what the findings may ultimately be; still, the issue must be properly considered, so this case is remanded.

CONCLUSION

The court GRANTS Ms. Waletzko's request for remand and REMANDS the Commissioner's decision for consideration in accordance with this opinion.

SO ORDERED.

November 27, 2019                          *s/ Damon R. Leichty*

                                          Judge, United States District Court